UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONIO BLAKE MCCRAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )     CAUSE NO. 1:24-cv-00570-ALT |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Antonio Blake McCray appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF 1). Because at least one of McCray's three arguments in this appeal necessitates remand, the Commissioner's decision will be reversed and the case remanded.

### I. FACTUAL AND PROCEDURAL HISTORY

McCray applied for DIB and SSI in September 2021, alleging disability as of September 1, 2017, which he later amended to January 1, 2021. (ECF 6 Administrative Record ("AR") 24, 268-84).[1] McCray's claim was denied initially and upon reconsideration. (AR 24, 124-25, 133, 141). On March 1 and July 12, 2023, administrative law judge ("ALJ") Karen Sayon conducted an administrative hearing, at which McCray, who was represented by counsel, and a vocational expert ("VE") testified. (AR 46-77, 91-109). On August 8, 2023, the ALJ rendered an unfavorable decision to McCray, concluding that he was not disabled because he could perform a

---

[1] The AR page numbers cited herein correspond to the ECF-generated page numbers displayed at the top center of the screen when the AR is open in ECF, rather than the page numbers printed in the lower right corner of each page.

significant number of light-exertional jobs in the national economy despite the limitations caused by his impairments. (AR 24-38). The Appeals Council denied McCray's request for review (AR 7-12), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

On December 30, 2024, McCray filed a complaint in this Court appealing the Commissioner's final decision. (ECF 1). McCray advances three arguments in this appeal: (1) that the ALJ failed to address listing 1.15, musculoskeletal disorders, despite evidence of degenerative disc disease and facet arthropathy with radiculopathy in the lower extremities satisfying this listing; (2) that the ALJ failed to properly evaluate the examining opinion of Alicia Julovich, M.D., and assign an residual functional capacity (RFC) supported by substantial evidence; and (3) that the ALJ's decision violates Social Security Ruling (SSR) 16-3p, and the ALJ failed to comply with 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) by pointing to genuine inconsistencies between the subjective allegations and other evidence of record. (ECF 12 at 3).

On the date of the Commissioner's final decision, McCray was forty-one years old (AR 268), had an eleventh grade education (AR 324), and had work experience as a fast food services manager, housekeeper, machine operator, and production worker (AR 70, 324). In his application, McCray alleged that he is disabled due to the following conditions: osteoporosis, high blood pressure, muscular dystrophy, asthma, and chronic obstructive pulmonary disease (COPD). (AR 323).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

2

The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the Commissioner applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record, but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (collecting cases). "Rather, if the findings of the Commissioner . . . are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence, reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant seeking DIB or SSI must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also id.* §§ 416(i)(1), 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring the ALJ to consider sequentially whether:

> (1) the claimant is presently employed [in substantial gainful activity]; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's [RFC] leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy.

*Pufahl v. Bisignano*, 142 F.4th 446, 452-53 (7th Cir. 2025) (citation omitted); *see also Sevec v. Kijakazi*, 59 F.4th 293, 298 (7th Cir. 2023); 20 C.F.R. §§ 404.1520, 416.920. "Between the third and fourth steps, the ALJ determines the claimant's [RFC], which is the claimant' maximum work capability." *Pufahl*, 142 F.4th at 453 (citations omitted); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545(a), 416.920(e), 416.945(a). "The burden of proof is on the claimant for the first four steps." *Fetting v. Kijakazi*, 62 F.4th 332, 336 (7th Cir. 2023) (citation omitted). "At step five, the burden shifts to the [Commissioner] to show that there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations." *Id.* (citation and internal quotation marks omitted). "If at any step a finding of disability or nondisability can be made, the Social Security Administration will not review the claim further." *Sevec*, 59 F.4th at 298 (citation and brackets omitted).

## B. The Commissioner's Final Decision

In the Commissioner's final decision, the ALJ found as a threshold matter that McCray was insured for DIB through September 30, 2025. (AR 26). At step one of the five-step sequential analysis, the ALJ determined that McCray had not engaged in substantial gainful activity after his amended alleged onset date of January 1, 2021. (*Id.*). At step two, the ALJ found that McCray had the following severe impairments: lumbar degenerative disc disease and facet arthropathy, bilateral hip impingement with labral tears, and obesity. (AR 27). At step three, the

4

ALJ concluded that McCray did not have an impairment or combination of impairments severe enough to meet or equal a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 31). The ALJ assigned McCray the following RFC: "[T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) involving: frequent balancing; and occasional climbing, stooping, kneeling, crouching, and crawling." (AR 31).

The ALJ determined at step four that given the foregoing RFC, McCray could not perform his past relevant work. (AR 35). However, at step five the ALJ found that a hypothetical individual of McCray's age, education, experience, and RFC could perform a significant number of light-exertional jobs in the national economy, including marker, sales attendant, and classifier. (AR 37). Accordingly, McCray's applications for DIB and SSI were denied. (*Id.*).

### C. Dr. Julovich's Opinion

In the second of his three arguments, McCray contends that the ALJ failed to properly consider the opinion of Dr. Julovich, who examined him on December 7, 2021, at the request of the state agency. (ECF 12 at 16-21). McCray alleges the ALJ erred by omitting from the RFC "the standing limitations assessed by Dr. Julovich or the need for a cane with an inability to use the unoccupied upper extremity for lifting and carrying less than 10 pounds frequently and over 10 pounds occasionally, which she assessed." (*Id.* at 17).

In considering medical opinion evidence, an ALJ is to assess the factors set forth in 20 C.F.R. §§ 404.1520c(c) and 416.920c(c) when determining the proper weight to apply to the opinion. These factors are: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; (4) specialization; and (5) other factors brought to the attention of the Commissioner. 20 C.F.R. §§ 404.1520c(c), 416.920c(c); *see, e.g.*, *Etherington*

5

*v. Saul*, No. 1:19-CV-475-JVB-JPK, 2021 WL 414556, at *3 (N.D. Ind. Jan. 21, 2021). "Although the ALJ must consider all of these factors, [she] need only explain how [she] considered supportability and consistency." *Kaehr v. Saul*, No. 3:19-CV-1171-PPS, 2021 WL 321450, at *3 (N.D. Ind. Feb. 1, 2021) (citations omitted) ("[T]he factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be." (ellipses in original) (quoting 20 C.F.R. §§ 404.1529c(b)(2), 416.920c(a))).

McCray came to the December 7, 2021, examination using a cane, which had been prescribed by physical therapy a year earlier. (AR 723). Dr. Julovich noted that McCray did not always use his cane, that he was not unsteady without it, and that it was not medically necessary. (*Id.*). His ability to ambulate effectively was "[n]ormal[,]" but he had dyspnea with ambulation and pain in his hips bilaterally. (AR 724). He could tandem walk and walk on heels and toes without difficulty with his cane. (AR 723-24). McCray had normal posture, sensation, range of motion, straight leg raise testing, and strength except for 4/5 grip strength and 4/5 strength in his left lower extremities. (AR 724-28). Dr. Julovich assigned diagnoses of osteoporosis, high blood pressure, muscular dystrophy without any muscle wasting, asthma, and COPD. (AR 718). She also assigned a cardiac status of Class III under the New York Heart Association classification system, which was defined as: "Marked limitation of activity, comfortable at rest. Less than ordinary activity caused symptoms." (AR 722). She indicated that McCray could maintain good balance while ambulating with a cane and carrying less than ten pounds, but that he could not use the unoccupied upper extremity for lifting or carrying less than ten pounds frequently or more than ten pounds occasionally. (AR 723-24). She further opined that he could stand or walk at least two hours in an eight-hour workday, but not continuously, and had the functional capacity

to walk one block; stand for ten to fifteen minutes; climb seven or eight stairs; and lift fifteen pounds with his right arm, ten pounds with his left, and twenty pounds with both arms. (AR 719, 724).

In considering Dr. Julovich's opinion, the ALJ found it "not persuasive[,]" viewing it as "not supported by [Dr. Julovich's] own examination findings, including that the claimant could ambulate without assistance." (AR 35). McCray now contends that the ALJ's assessment of Dr. Julovich's opinion does not adequately address the necessary supportability and consistency factors under 20 C.F.R. §§ 404.1520c(c) and 416.920c(c). (ECF 12 at 17). Indeed, the ALJ's explanation does not address the consistency of Dr. Julovich's opinion. Nor is the ALJ's cursory discussion of supportability logical. *See Christopher P. v. Saul*, No. 1:19-cv-00942-JPH-MPB, 2020 WL 6375340, at *4 (S.D. Ind. Oct. 30, 2020) ("To build the necessary 'logical bridge,' the [ALJ's] decision must explain how the evidence led to the conclusion." (citation omitted)).

To explain, Dr. Julovich opined that McCray had the ability to walk one block, stand for ten to fifteen minutes at a time, and stand or walk for two hours in an eight-hour workday, but not continuously. (AR 719, 724). Contrary to the ALJ's assertion, the ability to walk without assistance is not necessarily inconsistent with an ability to walk only a block at a time before needing to rest, or to stand or walk two hours, non-continuously, in an eight-hour workday, given that Dr. Julovich's examination documented bilateral hip pain, dyspnea with ambulation, and a Class III cardiac status. And while McCray's muscle strength and range of motion were mostly normal, those findings are not necessarily determinative. "[A]s several courts in this circuit have acknowledged, even full muscle strength is consistent with impairments that cause pain and thereby affect a claimant's functional limitations, including limited abilities to stand or walk."

7

*Otis S. v. Saul*, No. 1:18-CV-372-WCL-JPK, 2019 WL 7669923, at *3 (N.D. Ind. Dec. 19, 2019) (collecting cases)).

In rejecting Dr. Julovich's opinion, the ALJ instead found "persuasive" the opinion of J. Sands, M.D., the state agency doctor who reviewed McCray's record (including Dr. Julovich's opinion) in January 2022. (AR 34; *see* AR 114-15). Dr. Sands concluded that McCray could stand or walk (with normal breaks) up to six hours in an eight-hour workday, lift and carry ten pounds frequently and twenty pounds occasionally, and occasionally climb, stoop, kneel, crouch, or crawl. (AR 114). In adopting Dr. Sands's opinion, the ALJ cursorily stated that she found "the recommended limitations consistent with, and reasonable considering, the medical record[.]" (AR 34).

"[W]hen there is divergent evidence to support opposing outcomes, the ALJ must give reasons that build an accurate and logical bridge between the evidence and the ultimate result." *Christopher P.*, 2020 WL 6375340, at *5 (citation and footnote omitted). Here, the ALJ failed to adequately address the factors required by 20 C.F.R. §§ 404.1520c(c) and 416.920c(c) and build a logical bridge when rejecting Dr. Julovich's opinion, which was more akin to a limited range of sedentary work, in favor of Dr. Sands's opinion for a limited range of light-exertional work. Sedentary work requires lifting objects up to ten pounds, sitting up to six hours in an eight-hour workday, and walking or standing up to two hours in an eight-hour workday. *See Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995); 20 C.F.R. §§ 404.1567(a), 416.967(a). In contrast, light work requires lifting not more than twenty pounds occasionally with frequent lifting or carrying of objects weighing up to ten pounds, and standing or walking, on and off, for up to six hours in an eight-hour workday. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b); SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983); *see also Lorenzo K. v. Comm'r of Soc. Sec.*, No. 3:23-CV-550-SJF, 2025 WL

938495, at *7 (N.D. Ind. Mar. 27, 2025). The ALJ's failure to logically resolve this conflict in the medical opinion evidence is not mere harmless error as the ALJ did not identify, in the alternative, representative jobs that exist in significant numbers in the national economy that a claimant with McCray's RFC could perform if he were further limited to sedentary work. (*See* 36-37; *see also* AR 70-75).[2]

Therefore, this case will be remanded for reconsideration of the medical source opinions, namely the December 2021 examining opinion of Dr. Julovich and the January 2022 reviewing opinion of Dr. Sands, in accordance with 20 C.F.R. §§ 404.1520c(c) and 416.920c(c), and the ALJ's articulation duties relating thereto.[3]

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED, and the case is REMANDED to the Commissioner for further proceedings in accordance with this Opinion and Order. The Clerk is DIRECTED to enter a judgment in favor of McCray and against the Commissioner.

SO ORDERED.

Entered this 12th day of November 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[2] A point of clarification. To the extent McCray construes Dr. Julovich's opinion as supportive of his need for a cane in addition to sedentary work (*see* ECF 12 at 16-21), McCray is incorrect. Dr. Julovich made clear in his examination report that an assistive device was not medically necessary and that McCray was not unsteady without it. (AR 723). Therefore, that portion of McCray's argument is unpersuasive.

[3] Because a remand is necessary on this basis, the Court need not reach McCray's two remaining arguments pertaining to listing 1.15 and SSR 16-3p. Having said that, the Commissioner is encouraged upon remand to expand the ALJ's cursory discussion of the musculoskeletal listings at step three. (*See* AR 31).